**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RONNY LEE WALDRIP** | : | **DOCKET NO. 17-cv-556** |
| **B.O.P. # 00775-122** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the application for writ of *habeas corpus* [doc. 1] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Ronny L. Waldrip ("Waldrip"). Waldrip is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Waldrip states that he requested permission to have email privileges but that same was denied by Warden Calvin Johnson ("Johnson"). Doc. 1, pp. 1–2; doc. 1, att. 2, p. 5. He complains that in denying his request, Johnson failed to comply with various requirements of the applicable Program Statement. Doc. 1, p. 2. Waldrip states that he appealed the denial to the regional and central offices. *Id.* at 2-3. He claims that the appeal was denied by the regional director who "failed to identify or rely upon any specific findings." *Id.* at 2; doc. 1, att. 2, p. 9. He alleges that the central office received an extension to respond to the appeal but that it failed to issue a response. Doc. 1, p. 3. As relief, Waldrip asks the court to order defendant Johnson to allow him to use the

email service. *Id.* at 4. He was granted leave to amend his complaint, and asserted the same claim in his amended petition. Docs. 5, 6.

## II.
### LAW AND ANALYSIS

At the onset, this court must determine whether to treat the above claims as Waldrip describes—an application for writ of *habeas corpus*—or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S.Ct. 1999 (1971).[1]

An application for writ of *habeas corpus* is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973). On the other hand, a civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, the proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Based upon a review of the pleadings, it is clear that Waldrip has asserted a civil rights claim. The allegations implicate the manner of confinement rather than the fact or duration of his confinement. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Waldrip does not challenge his conviction or assert that he should not be in custody. Thus, he must pursue his claims by filing a *Bivens* action.

The court declines to convert the instant application into a *Bivens* action. Allowing Waldrip to prosecute this action based on the payment of the $5.00 *habeas corpus* filing fee instead of the filing fee applicable to civil rights actions would permit him to circumvent the filing fee

---

[1] *Bivens* is the "federal counterpart" to 42 U.S.C. § 1983 and authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993).

requirements of the Prison Litigation Reform Act. Also, should Waldrip choose to file a *Bivens* suit, he will have to follow the specific rules relevant to a civil rights suit.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Waldrip's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE